REBECCA MAKER vs. GEORGE L. MAKER, administrator on the estate of JAMES R. MAKER.

Knox. Opinion August 2, 1882.

*Contract for maintenance. Evidence.*

The reception of a deed of real estate by the grantee, wherein the consideration is declared to be the maintenance of the grantor during her natural

life, is sufficient proof of a promise on the part of the grantee to furnish that maintenance; and that promise is binding upon him and upon his estate in the hands of his administrator.

In such a case the formal receipt in the deed cannot be regarded as *prima facie* evidence of the payment of the consideration.

In August, 1870, M conveyed certain real estate to her son by a deed in which the consideration was stated the maintenance of the grantor and her husband during their natural lives. The maintenance was provided by the son in his family till his death in 1875, and after his death M continued to reside with the son's widow for more than a year, when she left and went to her daughter's. No administrator was appointed on the son's estate till 1880. *Held,* That the reception of support in the family of the son's widow under the circumstances would not constitute an election on the part of M to have her maintenance there; and that it was competent for her to elect to receive her support at her daughter's.

ON REPORT.

An action to recover damages for breach of contract of defendant's intestate to support the plaintiff. The writ was dated February 20, 1880. The plea was general issue, with a brief statement setting up that the plaintiff had made her election to receive her support with the widow of the deceased, and the defendant was ready and willing to support her there.

The report shows that the plaintiff gave her son, the defendant's intestate, a deed of certain real estate, dated August 23, 1870, and reciting, " That we, Rebecca Maker in her own right, married woman, and Joshua T. Maker her husband, residents of Rackliff's Island in the town of St. George, county of Knox and State of Maine, in consideration of the maintenance of the said Joshua T. Maker and his wife Rebecca, during their natural lives, paid by James R. Maker of Smith's Island, in Penobscot bay, in the county of Waldo, State of Maine, husbandman, the receipt whereof is hereby acknowledged."

The grantee was the son of the grantors. He accepted the deed and maintained the grantors in his family until the death of Joshua T. Maker, and continued to maintain the plaintiff until his own death, September 6, 1875. The plaintiff continued to receive her support in the family of the son's widow, till May, 1877, when she left and went to reside with her daughter.

The defendant was appointed administrator in January, 1880, prior to that time no administrator had been appointed.

*C. E. Littlefield,* for the plaintiff, cited: ·*Wilder* v. *Whittemore,* 15 Mass. 262; *Fiske* v. *Fiske,* 20 Pick. 499; *Flanders* v. *Lamphear,* 9 N. H. 201; *Holmes* v. *Fisher,* 13 N. H. 9; *Norton* v. *Webb,* 36 Maine, 272; *Mason* v. *Mason,* 67 Maine, 547; *How* v. *How,* 48 Maine, 428; *Philbrook* v. *Burgess,* 52 Maine, 271; *Sibley* v. *Rider,* 54 Maine, 463; *Fales* v. *Hemenway,* 64 Maine, 373; *Knight* v. *Bean,* 22 Maine, 536; *Harrison* v. *Conlan,* 10 Allen, 86; *Bryant* v. *Erskine,* 55 Maine, 153.

*J. H. Montgomery,* for the defendant.

The deed put in the case by the plaintiff, shows the nature of the consideration and it also acknowledges a full satisfaction for the same, which is *prima facie* evidence that the consideration for which the deed was executed, has been paid. *Goodspeed* v. *Fuller,* 46 Maine, 141; *Bassett* v. *Bassett,* 55 Maine, 130. Counsel further contended that the plaintiff had elected to receive her support in the family of her son James, and therefore neither he nor his estate was chargeable with her support elsewhere.

BARROWS, J. The reception by the defendant's intestate of a deed of real estate from his mother, the plaintiff, the consideration of which is therein declared to be the maintenance of the plaintiff and her husband during their natural lives, is sufficient proof of a promise on the part of the intestate to furnish that maintenance, which promise is binding upon him and his estate in the hands of his administrator. The nature of the consideration is such, that the formal receipt in the deed cannot be regarded as *prima facie* evidence of its payment. The testimony reported, shows that the son furnished the support while he lived and that after his death, the plaintiff, (her husband having deceased,) lived for more than a year with the son's widow upon the property conveyed, and left there in the spring of 1877 to reside with her daughter, no letters of administration being granted upon the son's estate, until January, 1880. Under

such circumstances, the reception of her support in the family of the son's widow up to the time of her removal to her daughter's, would not constitute an election on the part of the plaintiff to have her maintenance there, which would be binding on her. The obligation to support the plaintiff, constituted a debt against the son's estate, from which his widow might relieve it for the benefit of herself and her minor children, so long as she could make it agreeable to the plaintiff to live with her. But after the death of the son and while there was no legal representative of his estate, the relation of the parties would not be changed by any such tacit acceptance of support as is here shown; and it was competent, within the well settled rule of construction of these contracts in this state, for the plaintiff to elect to receive her support at her daughter's. *Norton* v. *Webb*, 36 Maine, 272. Even were it otherwise, the case furnishes sufficient evidence to justify the plaintiff in claiming a breach of the contract, for want of that civil and decent attention to her comfort and feelings, which is included in every undertaking for such maintenance.

Due demand upon the administrator was alleged and admitted. If the action was maintainable, it was agreed by the parties that judgment should be entered for the plaintiff, for three hundred and fifty dollars damages.

*Judgment for plaintiff accordingly.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.